

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 30, 1947

Hon. James F. Houlihan
County Auditor
Orange County
Orange, Texas

Opinion No. V-285

Re: Necessity for County Com-
missioners to obtain requi-
sitions and to advertise for
bids on purchases of materials
or supplies costing over
$150.00.

Dear Sir:

We refer to your letter of May 23, 1947, in which you requested
an opinion of this Department, and in which you asked the
following questions:

"1. Is the Auditor authorized to approve for
payment a claim against the county for material or
supplies where no requisition was made for the
purchase of same, where no requisition for the pur-
chase of same was approved by the County Judge, and
where no copy of such requisition for purchase of same
has been filed with the Auditor?

"2. Is the Auditor authorized to approve a claim
against the County for payment for equipment, material,
or supplies costing in excess of one hundred fifty and
no/100 ($150.00) dollars where said equipment, mater-
ial, or supplies were purchased without competitive bids?

"3. Is the County Clerk authorized to issue a warrant
in payment of a claim which has not been approved for
payment by the Auditor?

"4. Is the County Treasurer authorized to pay a
warrant issued by a County Clerk in payment of a claim
that has not been approved for payment by the Auditor?"

Orange County officers are on a salary basis; hence we shall
quote only those statutes applicable to such counties. We are
assuming that the purchases referred to in your request are to be
made under statutes other than Articles 2358 through 2367,
inclusive, since these statutes contemplate the Commissioners'
Court making the purchases of those things listed therein and
submitting the same to competitive bids at least every two years,

and our remarks will be confined to those purchases made under provisions other than those last mentioned.

Subsection (b) of Article 3899, V.C.S., provides that each officer named in the Act who receives a salary, shall be permitted to make purchases or charge to his county all reasonable expenses necessary in the legal conduct of his office, and that such expenses be passed on by the Commissioners' Court once each month for the ensuing month, upon the application of each officer, stating the kind, probable amount of expenditure, and the necessity for such expense, together with the endorsement of the County Auditor, before such Commissioners' Court shall allow the same.

Articles 1658, 1659, 1660, and 1661, V.C.S., are as follows:

"Art. 1658 - Bids shall be asked for all supplies of stationery, books, blanks, records, and other supplies for the various officers for which the county is required to pay, and the purchase made from the lowest bidder, after filing said bid with the auditor for record.

"Art. 1659 - Supplies of every kind, road and bridge material, or any other material, for the use of said county, or any of its officers, departments, or institutions must be purchased on competitive bids, the contract to be awarded to the party who, in the judgment of the commissioners' court, has submitted the lowest and best bid. The county auditor shall advertise for a period of two weeks in at lease one daily newspaper, published and circulated in the county, for such supplies and material according to specifications, giving in detail what is needed. Such advertisements shall state where the specifications are to be found, and shall give the time and place for receiving such bids. All such competitive bids shall be kept on file by the county auditor as a part of the records of his office, and shall be subject to inspection by any one desiring to see them. Copies of all bids received shall be furnished by the county auditor to the county judge and to the commissioners court; and when the bids received are not satisfactory to the said judge or county commissioners, the auditor shall reject said bids and readvertise for new bids. In cases of emergency, purchases not in excess of one hundred and fifty dollars may be made upon requisition to be approved by the commissioners court, without advertising for competitive bids.

"Art. 1660 - All Claims, bills and accounts against the county must be filed in ample time for the auditor to examine and approve same before the meetings of the commissioners' court. No claim, bill or account shall be allowed or paid until it has been examined and approved by the county auditor. The auditor shall examine the same and stamp his approval thereon. If he deems it necessary, all such accounts, bills, or claims must be verified by affidavit touching the correctness of the same. The auditor is hereby authorized to administer oaths for the purposes of this law.

"Art. 1661 - He shall not audit or approve any such claim unless it has been contracted as provided by law, nor any account for the purchase of supplies or materials for the use of said county or any of its officers, unless, in addition to other requirements of law, there is attached thereto a requisition signed by the officer ordering same and approved by the county judge. Said requisition must be made out and signed and approved in triplicate by the said officers, the triplicate to remain with the officer desiring the purchase, the duplicate to be filed with the county auditor, and the original to be delivered to the party from whom said purchase is to be made before any purchase shall be made. All warrants on the county treasurer, except warrants for jury service, must be countersigned by the county auditor." (Emphasis ours)

Article 2368a, as amended by the 50th Legislature and which became effective May 3, 1947, now provides that no Commissioners' Court shall make a contract calling for or requiring the expenditure or payment of $2000 or more out of any fund or funds of any county or subdivision of any county without first submitting such proposed contract to competitive bids; providing for advertising in a newspaper and excepting only counties with a population of more than 350,000.

In the case of Wyatt Metal & Boiler Works v. Fannin County, 111 S.W. (2d) 787, where the county had purchased culverts from the plaintiff in the amount of $11,000 and used them in the public roads of Fannin County, Art. 1659, V.C.S., had not been complied with and therefore the County Auditor would not approve said claim. The plaintiff sought a mandamus to compel the County Auditor to approve the same. The Court, through Justice Williams, in denying the mandamus, had this to say:

"It is clear that from the passage of these acts it was the intent of the Legislature to declare a public

policy. That such a policy is wise is evidenced by the universality of such statutes found in the laws of Congress and of all the state Legislatures. . .

"Under the record, plaintiff was relegated to a suit against the county upon an implied contract for the reasonable value of the benefits which Fannin County received from the use of these culverts."

In the case of Patten v. Concho County, 196 S.W. (2d) 833, the Court held that Article 2368a did not provide for competitive bids for road machinery purchased by a county nor was there any other statute requiring the same. It will be noted, however, that Article 2368a (a) as amended by the 50th Legislature, supra, now provides for competitive bids for road machinery if such purchase amounts to $2,000 or more.

In view of the foregoing statutes and cases, you are respectfully advised that questions Nos. 1 and 2 are answered in the negative, except when the equipment purchased by the county be that of road machinery, then, in view of Art. 2368a, and the case of Patten v. Concho County supra, if such purchase of machinery is less than $2,000, the Auditor need not require a requisition nor competitive bids before approving said claim.

It is clearly apparent under Articles 1660 and 1661, supra, that the County Clerk is not authorized to issue a warrant in payment of a claim which has not been approved by the Auditor, except for jury service.

Since Article 1661, supra, provides that all claims must be approved by the Auditor, and further that all warrants on the County Treasurer, except warrants for jury service, must be countersigned by the County Auditor, your last question is also answered in the negative.

## SUMMARY

The County Auditor is not authorized to approve a claim against the county for material or supplies where no requisiton is had; nor is he authorized to approve a claim for equipment, material or supplies in excess of $150 where such purchase is not made on competitive bids (Wyatt Metal & Boiler Works v. Fanning County, 111 S.W. (2d) 787, Art. 1659, V.C.S.) except for the purchase of road machinery in amounts less than $2000.00. Art. 2368a, V.C.S.

The County Clerk is not authorized to issue a warrant

in payment of a claim which has not been approved by the Auditor except warrants for jury service, nor is the County Treasurer authorized to pay a warrant in payment of a claim that has not been approved by the Auditor. Articles 1660 and 1661, V.C.S.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

s/ Bruce Allen

By

Bruce Allen
Assistant

APPROVED

s/ Price Daniel

ATTORNEY GENERAL

BA:WB:jrb/cge